TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00626-CV






In re Texas Department of Protective and Regulatory Services






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N




 Relator Texas Department of Protective and Regulatory Services (the Department)
filed with this Court a petition for writ of mandamus. The narrow issue presented by the petition is
whether the trial court abused its discretion in appointing a master in chancery under Texas Rule of
Civil Procedure 171. We conclude that it did not and therefore deny the petition.

 In the underlying case, the district court was conducting a de novo review, and
ultimately a contempt hearing, resulting from an associate judge's order that compelled the
Department to complete adoption plans for eleven children by August 18, 2003. The children's
parents' rights had been terminated and conservatorship placed with the Department, but adoption
was delayed. The Department pleaded the affirmative defense of lack of funds to complete out-of-state adoptions for these special needs children. This placed in issue whether the Department had
properly managed and monitored the funds available to it, and whether it had made reasonable
efforts to take other measures or find other funds. To answer these questions, the court appointed
a special master to audit and monitor the funds available to the Department and to provide
information to allow the Court to answer six specific questions necessary to determine the merits of
the case. 

 The appointment of a master lies within the sound discretion of the trial court. 
Simpson v. Canales, 806 S.W.2d 802, 811 (Tex. 1991). Appointment of a master for an improper
purpose, however, is subject to mandamus relief. Id. Texas Rule of Civil Procedure 171 permits
the appointment of a master in chancery only "in exceptional cases, for good cause." Tex. R. Civ.
P. 171. According to the order appointing the master in chancery, the trial court sought an individual
with relevant expertise to assist in reviewing the highly complicated evidence that has been and will
be provided to the court in order to evaluate the Department's defense. In other words, the master's
role in this case is limited to reviewing highly complex information related to the Department's
accounts and expenditures and advising the court as to these issues. We conclude that the trial court
did not abuse its discretion in determining that this is an exceptional case and good cause exists for
appointing a master in chancery. Transamerican Natural Gas Corp. v. Mancias, 877 S.W.2d 840,
843 (Tex. App.--Corpus Christi 1994, orig. proc.) (need for technical expertise may be considered
in determining whether appointment of master is justified). Accordingly, we deny the petition for
writ of mandamus. Our decision, however, should not be construed as expressing any opinion on
the merits of any portion of the underlying cause.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Filed: December 1, 2003